BAR ASSOCIATION OF GREATER CLEVELAND *v.* RUBINSTEIN.

[Cite as Bar Assn. of Greater Cleveland *v.* Rubinstein (1986), 22 Ohio St. 3d 212.]

(D.D. No. 85-15—Decided March 12, 1986.)

*Foster J. Fludine, John T. Mulligan* and *Thomas L. Dettelbach,* for relator.

*Julian Cohen* and *Gerald Steinberg,* for respondent.

*Per Curiam.* Upon review of the record in the instant case, we conclude that the respondent has violated DR 1-102(A)(4), 7-101(A)(3), and 9-102(B)(1), (2), (3) and (4) of the Code of Professional Responsibility.

The respondent contends that his violations, if any, of the aforementioned Disciplinary Rules were not intentional, but resulted from misunderstandings with his clients and a technical application of the rules. However, even assuming that the respondent did not set out to violate the rules in question, his conduct did, in fact, violate these rules. As an attorney licensed to practice in this state, the respondent was charged with knowledge of all of the Disciplinary Rules; and while the respondent may not have intended to harm his clients or to violate the Code of Professional Responsibility, on three separate occasions he did both.

We note that the respondent cooperated in the proceedings below and that he pledged to make his clients whole. The respondent's cooperation in this matter distinguishes this case from *Disciplinary Counsel* v. *Heck* (1984), 15 Ohio St. 3d 33, in which similar disciplinary violations resulted in an indefinite suspension. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.